IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-205-H-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DOMINIQUE LAMONZ TINGLE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a narcotics detective with the Wilson County Sheriff's Office, and defendant the testimony of the proposed third-party custodian, defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 14 July 2011 for: conspiracy to distribute and possess with the intent to distribute 280 grams or more of crack cocaine between 2006 and 29 March 2011, in violation of 21 U.S.C. § 846 (ct. 1); distribution of a quantity of crack cocaine and aiding and abetting the same on 25 January 2011, in violation of 21 U.S.C. § 841(a)(1) (ct. 2); distribution of

28 grams or more of crack cocaine and aiding and abetting the same on 27 January 2011, in violation of 21 U.S.C. § 841(a)(1) (ct. 3); distribution of 28 grams or more of crack cocaine and aiding and abetting the same on 2 February 2011, in violation of 21 U.S.C. § 841(a)(1) (ct. 4); and distribution of 28 grams or more of crack cocaine and aiding and abetting the same on 15 February 2011, in violation of 21 U.S.C. § 841(a)(1) (ct. 5). The evidence presented at the hearing showed that the charges arise from four controlled and audio and video recorded buys of crack cocaine from defendant on each of the alleged offense dates. After his arrest, defendant admitted to selling crack cocaine for his co-defendant, as alleged. The co-defendant confirmed in a statement to police that defendant was selling narcotics for the co-defendant. Defendant was on state probation at the time of each of the controlled buys.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the commission of the controlled buys while on probation and the occurrence of the first alleged transaction a day after defendant appeared in state court and had his probation continued; defendant's record of criminal convictions, albeit a relatively minor one, consisting entirely of misdemeanor offenses; defendant's commission of multiple traffic offenses for which he was convicted while on probation and incursion of multiple pending charges while on probation; defendant's failure to appear on at least five occasions; defendant's lack of a stable residence;

defendant's learning disability problems, which appear to make him vulnerable to criminal activity and exploitation by others; the unsuitability of the proposed third-party custodial arrangement (notwithstanding the suitability of the proposed custodian herself) due to the high degree of flight risk and risk of danger presented by defendant, the location of the proposed custodial home in the same general area in which defendant's alleged drug trafficking occurred, and the presence of a minor in the proposed custodial home; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lifelong residence in the Wilson area. But the court finds that the factors favoring detention outweigh such evidence.

The government presented evidence that defendant is a member of a street gang. The court has given this evidence no weight because no evidence was presented regarding how the determination of membership was made, any criminal activities by the gang involved, or defendant's participation in any such activities.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

3

Case 5:11-cr-00205-H   Document 21   Filed 07/25/11   Page 3 of 4

This, the 22nd day of July 2011.

_____
James E. Gates
United States Magistrate Judge